IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

DENNIS ALLEN JACKSON, JR.,      )
#249 914,                                    )
      Plaintiff,                   )
                                         )
      v.                           )     CIVIL ACTION NO. 1:15-CV-568-MHT
                                       )              [WO]
OFFICER MOODY,             )
                                       )
      Defendant.               )

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, a prison inmate, filed this complaint on August 5, 2015.  On August 20, 2015, the court directed Defendant to file an answer and written report addressing Plaintiff's claims for relief.  In compliance with the court's order, Defendant submitted an answer and written report on October 1, 2015, which contained relevant evidentiary materials refuting the allegations in the complaint. *Doc. Nos. 12, 13*.   Upon review of this report, the court issued an order directing Plaintiff to file a response to Defendant's answer and written report. *Doc. No. 17*.  The order advised Plaintiff that his failure to respond to the report would be treated by the court "as an abandonment of the claims set forth in the complaint and as a failure to prosecute this action." *Id*. at 1.  The order "specifically cautioned [Plaintiff] that [his failure] to file a response in compliance with the directives of this order" would result in the dismissal of this civil action. *Id*.

The time allotted Plaintiff for filing a response in compliance with the directives of the court's October 5, 2015, order, as extended by order entered  October 21, 2015, expired on November 19, 2015.  As of the present date, Plaintiff has failed to file a response in opposition to Defendant's written report.  The court, therefore, concludes this case should be dismissed.

The court has reviewed the file to determine whether a drastic measure less than dismissal is appropriate. After such review, dismissal is the proper course of action. Plaintiff is an indigent individual. The imposition of monetary or other punitive sanctions against him would be ineffectual. Plaintiff's inaction in the face of Defendant's report and evidentiary materials refuting the claims raised suggests he does not seek to proceed with this case. It, therefore, appears that any additional effort by this court to secure his compliance would be unavailing. Consequently, the court concludes that Plaintiff's abandonment of his claims and his failure to comply with an order of this court warrant dismissal. *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (As a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion.); *see also Tanner v. Neal*, 232 Fed.Appx. 924 (11th Cir. 2007) (affirming *sua sponte* dismissal without prejudice of inmate's § 1983 action for failure to file an amendment to complaint in compliance with court's prior order directing amendment and warning of consequences for failure to comply).

For the above stated reasons, it is the RECOMMENDATION of the Magistrate Judge that this case be DISMISSED without prejudice.

It is further

ORDERED that **on or before January 5, 2016**, the parties may file any objections to this Recommendation. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's

order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done, this 15th day of December 2015.

                                      /s/   Gray M. Borden
                                    UNITED STATES MAGISTRATE JUDGE